**UNITED STATES of America,**
**Appellee,**

v.

**Raheim WYATT, Defendant–Appellant.**

**No. 08–4042–cr.**

United States Court of Appeals,
Second Circuit.

Aug. 5, 2009.

Raymond L. Colon, New York, NY, for Defendant–Appellant.

Daniel S. Silver, Assistant United States Attorney (Benton J. Campbell, United States Attorney, on the brief, Emily Berger, Assistant United States Attorney, of counsel), Office of the United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: RALPH K. WINTER, JOSÉ A. CABRANES, DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Defendant appeals from a judgment entered on August 13, 2008 in the United States District Court for the Eastern District of New York, convicting him, following a guilty plea, of one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The District Court sentenced defendant principally to a term of 120 months. On appeal, defendant argues (1) that the sentence was procedurally unreasonable because the District Court based its sentence on facts already considered in the recommended United States Sentencing Guidelines ("Guidelines") range of 63–78 months; (2) the District Court failed to explain in specific detail its reasons for imposing an above-Guidelines sentence in the written order of judgment and commitment; and (3) the sentence was substantively unreasonable. We assume the parties' familiarity with the factual and procedural history of the case.

First, defendant's argument that it was "error" for the District Court to consider his "criminal history and characteristics" in imposing an above-Guidelines sentence is without merit. He erroneously relies on *Koon v. United States,* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), which was decided before *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and applied to departures from the then-mandatory Guidelines. Post-*Booker,* we have stated that a District Court must "conduct its own independent review of the sentencing factors" and is "generally free to impose sentences outside the recommended range." *United States v. Cavera,* 550 F.3d 180, 189 (2d Cir.2008) (*en banc*). We find no procedural error here in the District Court's consideration of defendant's criminal history and characteristics in imposing an above-Guidelines sentence. Second, defendant's argument that the District Court failed to explain its reasons for imposing an above-Guidelines sentence is belied by the record. The District Court's Statement of Reasons set forth numerous factors justifying the variance, including defendant's extensive criminal history, his demonstrated disregard for the law, and the danger that he poses to the community. Finally,

with respect to defendant's claim that his sentence was substantively unreasonable, we have stated that "we will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case," and will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* (internal quotation marks and emphasis omitted). In light of the District Court's thoughtful analysis, and in light of defendant's extensive criminal history, we conclude that the sentence was not outside the broad "range of permissible decisions." *Id.*

### CONCLUSION

We reject all of defendant's claims on appeal. Accordingly, the judgment of the District Court is **AFFIRMED.**